IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW A. CEJAS,

      Petitioner,                        No. CIV S-08-2494 MCE EFB P

    vs.

JAMES A. YATES, Warden,

      Respondent.                   <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Currently before the court are petitioner's motions for a stay (Dckt. No. 32), for leave to file an amended petition (Dckt. No. 33), and "to present oath of office" (Dckt. No. 41). Petitioner's motion to file an amended petition also includes renewed requests for counsel and for leave to conduct discovery. In addition, in opposing petitioner's motion for leave to file an amended petition, respondent has requested consolidation of this case with Case No. Civ. S-10-0995 MCE EFB P and an extension of time "to file a consolidated response" to "all of the confusion in this matter." Dckt. No. 39. Respondent's counsel in Case No. Civ. S-10-0995 MCE EFB P also requests consolidation. For the reasons that follow, the court will consolidate the cases, grant petitioner's motion for leave to file an amended petition, grant respondent's request for an extension of time, deny petitioner's requests for counsel and for leave to conduct

discovery, deny petitioner's "Motion to Present Oath of Office," and defer ruling on petitioner's motion for a stay pending receipt of respondent's opposition or statement of no opposition.

**I. Background**

Petitioner filed the instant petition for writ of habeas corpus on October 20, 2008, challenging a single aspect of his trial in Sacramento Superior Court Case No. 02F07057 – whether instructional error occurred with respect to evidence of petitioner's prior bad acts. Petition, Dckt. No. 1. Then, on April 26, 2010, while the instant petition was still pending, petitioner filed another petition in this court, challenging another aspect of that same trial – whether it constituted breach of an earlier plea agreement for the court to sentence petitioner under California's Three Strikes Law. Case No. Civ. S-10-0995 MCE EFB P, Dckt. No. 1. Petitioner then began filing identical motions in both cases, namely: a motion to stay federal proceedings pending exhaustion of state remedies and a motion for leave to file an amended petition.

Petitioner's motions for leave to amend seek to add the following claims to the petition: (1) jury misconduct; (2) destruction of exculpatory evidence; (3) illegal search and seizure (including subclaims that a search of his home was without a warrant, not in good faith, and without valid consent); (4) denial of funds for an expert witness; and (5) shackling in view of the jury. Dckt. No. 33. In Case No. Civ. S-10-0995 MCE EFB P, the court responded to petitioner's motion for leave to file an amended petition by informing petitioner that he was free to amend the petition under Federal Rule of Civil Procedure 15, as no responsive pleading had yet been filed in that case. In this case, where more than 21 days had elapsed since the filing of a responsive pleading, the court ordered respondent to file an opposition or a statement of no opposition to petitioner's motion. Dckt. No. 38. Respondent filed an opposition on October 4, 2010, which included a request to consolidate the two cases. Petitioner has also requested consolidation.

////

**II. Consolidation**

Examination of the instant petition and the petition in Case No. Civ. S-10-0995 MCE EFB P reveals that both cases challenge aspects of petitioner's trial and sentencing in Sacramento Superior Court Case No. 02F07057. Through amendment, petitioner seeks to add identical claims to both cases. Given that the two petitions involve common questions of fact and law, the Court finds that they should be consolidated under Federal Rule of Civil Procedure 42(a). The Clerk will be directed to administratively close the file in Case No. Civ. S-10-0995 MCE EFB P, and all future pleadings shall be filed in this action.

**III. Petitioner's Motion for Leave to File an Amended Petition**

Under 28 U.S.C. § 2242, a petition for writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15, which governs amended and supplemental pleadings, provides that, where, as here, more than 21 days have elapsed since service of a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Respondent opposes amendment by arguing that petitioner has delayed seeking amendment "by many months." However, as respondent acknowledges, there has been some confusion generated by petitioner's filing of a second petition in Case No. Civ. S-10-0995 MCE EFB P. In deference to petitioner's incarceration and pro se status, and to harmonize the two cases being consolidated by this order, the court will grant petitioner leave to file an amended petition containing the claims raised in the original petition in this case, in the petition in Case No. Civ. S-10-0995 MCE EFB P, and in petitioner's motion for leave to amend. Petitioner shall have 30 days from the date of this order to file an amended petition.

**IV. Respondent's Request for an Extension of Time**

Respondent requests an extension of time "to file a consolidated response addressing all of the confusion in this matter." The court assumes that respondent seeks the extension to file an

3

opposition or statement of no opposition to petitioner's request for a stay, which the court ordered respondent to file within 14 days of its September 28, 2010 order. The court will grant the extension and respondent shall have 30 days from service of the amended petition to file responses to petitioner's request for a stay and amended petition. Accordingly, the court will defer ruling on petitioner's stay request until an opposition or statement of no opposition has been filed.

**V. Petitioner's Renewed Requests for Counsel and Leave to Conduct Discovery**

On October 7, 2009, petitioner filed a "Motion for Discovery," seeking an order from this court allowing discovery of the telephone numbers and addresses of the jurors who served in his trial. Dckt. No. 18. The court denied the request, because the petition as it then stood contained no claim of juror misconduct. Dckt. No. 31. The court stated, "Petitioner may renew his request for permission to conduct discovery into the jurors' contact information if and when the court grants him leave to file an amended petition and such amended petition is actually filed." *Id.* Petitioner's Motion for Leave to File an Amended Petition contains a renewed request to conduct discovery into the juror contact information. As petitioner has yet to file an amended petition, the court will again deny without prejudice petitioner's request for leave to conduct discovery. If and when petitioner files an amended petition containing a claim of juror misconduct, he may ask the court to revisit the issue of discovery.

Petitioner also again requests appointment of counsel. For the reasons stated in the order dated February 24, 2009, the court will deny the request.

**VI. "Request to Present Their Oath of Office"**

Petitioner has filed the above-named motion in both this case (Docket No. 41) and Case No. Civ. S-10-0995 MCE EFB P. Petitioner contends that respondent's attorneys lack authority to represent respondent because they do not have an oath of office filed with the California Secretary of State in violation of California law. In the latter case, respondent has filed an opposition, arguing that the court lacks jurisdiction over the issue as it does not pertain to the

lawfulness of respondent's custody of petitioner under 28 U.S.C. § 2254. The court agrees. Whether respondent's counsel has filed an oath of office with the California Secretary of State pursuant to California law does not implicate the lawfulness of respondent's custody of petitioner and further raises solely state-law issues, and that matter is thus not a proper concern for this court to consider on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Accordingly, petitioner's motion will be denied.

**VII. Order**

Accordingly, it is hereby ordered that:

1. This action, Case No. Civ. S-08-2494 MCE EFB P, is consolidated with petitioner's habeas petition at Case No. Civ. S-10-0995 MCE EFB P pursuant to Federal Rule of Civil Procedure 42(a). In accordance with this order,

   a. Case No. Civ. S-08-2494 MCE EFB P is designated as the "master file";

   b. The Clerk is directed to copy the petition and other pertinent documents in Civ. S-10-0995 MCE EFB P and to place said copies in the "master file";

   c. The Clerk is directed to administratively close Case No. Civ. S-10-0995 MCE EFB P; and

   d. The parties are directed to file all future pleadings ONLY in Case No. Civ. S-08-2494 MCE EFB P.

2. Petitioner's September 1, 2010 Motion for Leave to File an Amended Petition (Docket No. 33) is granted, and petitioner shall have 30 days from the date of this order to file an amended petition as provided in this order.

3. Respondent's October 4, 2010 Motion for an Extension of Time (Docket No. 39) is granted and respondent shall have 30 days from service of the amended petition to file an opposition or statement of no opposition to petitioner's August 26, 2010 Motion to Stay and to respond to the amended petition.

////

4. Petitioner's September 1, 2010 request for leave to conduct discovery is denied without prejudice.

5. Petitioner's September 1, 2010 request for appointment of counsel is denied without prejudice.

6. Petitioner's October 8, 2010 Motion to Present Oath of Office (Docket No. 41) is denied.

DATED: October 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE